## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **KERRY TALBURT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-cv-3083** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Kerry Talburt's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1). Petitioner alleges he should not have been sentenced as a career offender under the advisory sentencing guidelines in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Court hereby LIFTS the STAY entered on June 7, 2016. A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." <u>Hutchings v. United States</u>, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Because Petitioner is not entitled to relief, the § 2255 Motion is DENIED.

# I. **BACKGROUND**

In October 2013, a federal grand jury in the District Court for the Central District of Illinois charged Petitioner with conspiracy to distribute 50 grams or more of mixtures or substances containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count 1), and possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2). See United States v. Talburt, United States District Court, Central District of Illinois, Springfield Division, Case No. 3:13-cr-30077-1 (hereinafter, Crim.), Indictment (d/e 1).

On February 24, 2014, Petitioner pled guilty to Count 2 of the Indictment and the Government dismissed Count 1 of the Indictment pursuant to a plea agreement. See Crim., Plea Agreement (d/e 12). As part of his plea agreement, Talburt agreed to waive his right to direct appeal and collateral attack. Id. ¶¶23-24. The parties did not agree as to the base offense level or criminal history category under the advisory sentencing guidelines. Id. ¶16. However, the Government agreed to recommend a sentence at the low-end of the applicable sentencing guideline range as determined

by the Court.  Id. ¶18.

The United States Probation Office prepared multiple Presentence Investigation Reports.  The third revised Presentence Investigation Report determined that Petitioner qualified as a career offender under § 4B1.1 of the advisory Sentencing Guidelines based on two prior Illinois felony convictions: (1) Escape, Adams County, Illinois, Circuit Court, Docket No.: 2002-CF-371; and (2) Unlawful Possession of Methamphetamine Precursors (with the intent that it be used to manufacture methamphetamine), Adams County, Illinois, Circuit Court, Docket No.: 2009-CF-391.  Crim., PSR ¶27 (d/e 29).  The third revised PSR calculated Petitioner's total offense level as 29 and criminal history category as V.  Based on this finding, the third revised PSR concluded that Petitioner faced an advisory guideline sentencing range of 188 to 235 months of imprisonment.  Id. ¶109.

At the Sentencing Hearing on April 15, 2015, this Court amended the PSR by interlineation pursuant to the Government's stipulation that the drug quantity for which Petitioner was accountable was 32.5 grams.  Crim., PSR Revised by Interlineation, ¶¶21, 27 (d/e 37).  This stipulation lowered Petitioner's total offense

level to 29. Along with a criminal history category of V, Petitioner's advisory guidelines imprisonment range became 151 months to 188 months. Id. ¶109. The sentencing hearing was continued to the next day.

On April 15, 2015, this Court sentenced Petitioner to 110 months' imprisonment, relying on a potential proposed sentence that had previously been offered by the Government. See Crim., Minute Entry April 14, 2015, Minute Entry April 15, 2015, Judgment (d/e 34); Resp. at 2, n.1 (Doc. 3). Petitioner did not file an appeal.

On March 28, 2016, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255 (Doc. 1). Petitioner seeks to challenge his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2563; 18 U.S.C. § 924(e)(2)(B)(ii) (the ACCA "residual clause") (defining the term "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

Petitioner argues that, after Johnson, the identically worded residual clause of the sentencing guidelines, § 4B1.2(a)(2), is also

unconstitutionally vague. Accordingly, because his designation as a career offender relied on the finding that his conviction for Escape was a crime of violence under the sentencing guidelines' residual clause, he argues he should not have been sentenced as a career offender. The Government filed its response (Doc. 3) on April 18, 2016, and Petitioner filed his reply (Doc. 4) on May 18, 2016.

In August 2016, the Seventh Circuit held that <u>Johnson</u> applied to the advisory sentencing guidelines. <u>United States v. Hurlburt</u>, 835 F.3d 715, 725 (7th Cir. 2016) (applying <u>Johnson</u> and holding that the residual clause in U.S.S.G. § 4B1.2(a)(2) was unconstitutionally vague). But, on March 6, 2017, the United States Supreme Court decided <u>Beckles v. United States</u>, holding that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017) (also abrogating <u>Hurlburt</u>).

## II. **ANALYSIS**

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is an extraordinary remedy because a § 2255

petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Here, Petitioner's Johnson claim is foreclosed by the decision in Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner challenges his designation as a career offender based on his prior conviction of Escape to the extent that it qualified as a crime of violence under the Guidelines' residual clause. In light of Beckles, the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017). Accordingly, Petitioner's Johnson claim must be denied.

## III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). In light of <u>Beckles</u>, no reasonable jurists could debate whether the petition should be denied. The Court declines to issue a certificate of appealability.

## IV.  **CONCLUSION**

For the reasons stated, the Court LIFTS the STAY entered on June 7, 2016 and Petitioner Kerry Talburt's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is DENIED. The Court declines to issue a certificate of appealability. This case is CLOSED.

Additionally, the Court also notes that while Petitioner has not notified the Court that his address has changed, the BOP Online Inmate Locator states that Petitioner is now residing at FCI Schuylkill with the following mailing address:

Kerry Talburt
19157-026
FCI SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 759
MINERSVILLE, PA  17954

Accordingly, the Clerk is DIRECTED to update Petitioner's mailing

address and send a copy of this order to his new address.

ENTER: November 13, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE